IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA     *
                      *
        v.                *    CR 609-024
                      *
WALTER LAMAR DICKERSON    *

_____

O R D E R

_____

In the captioned criminal matter, Defendant Walter Lamar Dickerson has filed a motion to receive credit for time served in the custody of the United States Marshals Service. Specifically, Dickerson claims he was picked up from state custody in April 2009 by the Marshals Service prior to his plea of guilty on July 30, 2009, and his sentencing on November 23, 2009, and he has not received credit of this nearly eight months against his federal sentence.

The Bureau of Prisons ("BOP"), and not this Court, has authority to determine if a defendant should receive credit for time spent in custody prior to the commencement of a federal sentence. United States v. Wilson, 503 U.S. 329, 333-35 (1992). Such a motion is only properly before this Court pursuant to 28 U.S.C. § 2241 *following the exhaustion of administrative remedies.* United States v. Edwards, 545 F. App'x 891, 893 (11th Cir. 2013). Indeed, "the granting of credit for time served is in the first instance an

administrative, not a judicial, function." <u>United States v. Flanagan</u>, 868 F.2d 1544, 1546 (11th Cir. 1989). "Exhaustion of administrative remedies is jurisdictional in § 2241 cases." <u>Nichols v. Warden, FCC Coleman-Low</u>, 458 F. App'x 844, 845 (11th Cir. 2012) (citing <u>Gonzalez v. United States</u>, 959 F.2d 211, 212 (11th Cir. 1992)).

Here, Dickerson gives no indication that he has exhausted his administrative remedies. The BOP has a four-step procedure in this regard. 28 C.F.R. §§ 542.10 *et seq.*; <u>Gibson v. Apker</u>, 2014 WL 457697, *1 (E.D.N.C. Feb. 4, 2014). First, the inmate must present his issue to the staff for informal review. 28 C.F.R. § 542.13. If unsuccessful, the inmate may then submit a formal written request to the warden using a BP-9 form. <u>Id.</u> § 542.14. If dissatisfied with that response, the inmate then may appeal to the BOP's regional director with a BP-10 form, and then to the BOP's General Counsel with a BP-11 form. <u>Id.</u> § 542.15. Dickerson has not demonstrated that he has performed any of these steps.

Upon the foregoing, this Court lacks jurisdiction over the matter, and therefore Dickerson's motion to receive credit for time served (doc. 36) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of August, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA